FILED
2017 SEP 12 A 9:30
U.S. DISTRICT COURT
EASTERN DIST. TENN.

No: 3:17-MJ-1079

## AFFIDAVIT

I, Jeremy W. Newcome, being duly sworn, depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Trooper with the Tennessee Highway Patrol (THP) since October 31, 2010. I have been assigned to the Drug Enforcement Agency (DEA) as a Task Force Officer (TFO) in the Knoxville, Tennessee, Resident Office since July 1, 2014. Previously, I was assigned to the Cookeville District Office of THP from March 2011 to June 2014. In the past, I have participated in numerous investigations of narcotics violations. I have experience and training in the debriefing of confidential sources (CSs) about drug trafficking, in surveilling persons involved in drug trafficking, and in conducting searches for controlled substances and records of drug trafficking activity.

2. I am familiar with the methods in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing drugs, their use of conveyances in the conduct of their business, their use of cellular telephones (cell phones) and other cellular communication devices, their use of numerical codes and code words to conduct their transactions, and their methods of laundering drug proceeds. I know that drug traffickers oftentimes use cell phones to communicate about their drug trafficking activities (via telephone calls and / or text messaging and / or cell phone applications (apps) that typically assist in concealing the drug-related conversation) and that they oftentimes take photographs of their drugs, drug proceeds, and / or stash locations. I also know that drug traffickers oftentimes

1

conceal drugs and / or drug proceeds in vehicles to avoid law enforcement detection when transporting drugs and / or drug proceeds. I am also familiar with the methods that drug traffickers use to protect themselves, their drugs, and their assets from other criminals and law enforcement to include violence and threats of violence often through the use of firearms.

3. This affidavit is based on my personal knowledge and participation in this investigation, as well as through information I received from other police officers and/or from other individuals.

4. On July 2, 2017, Samuel HILL (HILL) was arrested for possession/distribution of narcotics by Trooper Isaiah Lloyd with the Tennessee Highway Patrol. At the time of HILL's arrest, he was found in possession of heroin, ecstasy, and $709 in United States currency. HILL, Christopher BROOKS, and Cassandra WEBB (aka Cassandra BROOKS) were the occupants of an orange 2002 Chevrolet Impala, which was registered to HILL, that was a part of a traffic stop conducted by the Tennessee Highway patrol in Campbell County, Tennessee. At the time of the traffic stop, HILL was the front seat passenger in the vehicle, BROOKS was the driver, and WEBB was the rear seat passenger. During conversation, Trooper Lloyd detected the odor of marijuana in the vehicle. HILL, BROOKS, and WEBB were directed out of the vehicle and asked to remain away from the automobile. Trooper Lloyd requested assistance from the Anderson County Sheriff's Department and Deputy Zach Bates responded to the scene. After a conversation with HILL and while awaiting Deputy Bates' arrival, HILL was asked to be seated in the rear seat of the patrol unit. Deputy Bates arrived on the scene and spoke to HILL. Deputy Bates detected the odor of marijuana on HILL's person. During conversation, HILL, BROOKS, and WEBB discussed their trip and stated their destination was to Indiana and they had traveled there to visit WEBB's family.

5. A probable cause search of the vehicle and the belongings inside the vehicle revealed marijuana residue in the passenger's seat where HILL was seated. During the search, several canisters were found in the vehicle. Those canisters had hidden compartments fashioned into them; these hidden compartments were not original to the canisters. The canisters contained several packages of heroin and ecstasy. Law enforcement weighed the heroin and the gross weight was approximately 112 grams. Also, law enforcement recovered 144 ecstasy pills.

6. HILL was arrested and taken to the Campbell County Jail in Jacksboro, Tennessee. During the arrest, HILL was found to be concealing U.S. currency inside his shoe. HILL stated to law enforcement that he was concealing it after he witnessed BROOKS and WEBB being detained.

7. On July 22, 2017, WEBB was interviewed at the Campbell County Jail where TFO Jeremiah Johnson, TFO Trooper Jeremy Newcome, and SA Bethel Poston were present. WEBB spoke freely, was read the Miranda warnings, and signed a Miranda waiver. WEBB explained that she and her husband, BROOKS, were introduced to HILL through an accomplice, Ritchie CASH. They began purchasing heroin from HILL in May or June 2017. WEBB stated she usually used a Wi-Fi application on her phone to contact HILL when she wanted to purchase heroin. WEBB stated to investigators that she and BROOKS were to accompany HILL to Chicago, Illinois. WEBB stated to investigators they were to travel to the residence of a person known to WEBB as 'Wu Gotti, who is HILL's cousin. WEBB stated she was not aware of the reason for the trip. WEBB stated they stayed there from Friday night to Sunday morning, July 2, 2017.

8. On July 22, 2017, BROOKS was interviewed at the Campbell County Jail where TFO Jeremiah Johnson, TFO Trooper Jeremy Newcome, and SA Bethel Poston were present.

BROOKS spoke freely, was read the Miranda warnings, and signed a Miranda waiver. BROOKS gave information pertaining to his and HILL's relationship and to occurrences that took place during their trip to Chicago, Illinois. BROOKS stated that he met HILL through an accomplice, Richie CASH, who is a known heroin distributor per BROOKS. After this introduction, BROOKS stated he and WEBB began purchasing narcotics from HILL. BROOKS also began traveling with HILL by driving HILL to make sales of narcotics. BROOKS stated he had witnessed HILL pay for his automobile (the orange 2002 Chevrolet Impala which was used for travel during the traffic stop on July 2, 2017) with cash. BROOKS stated he knew HILL was distributing narcotics from his apartment at Sharp's Lane and at the In-skip Market. BROOKS stated that HILL requested WEBB and BROOKS assist him with driving responsibilities to Chicago and HILL was to pay them $200. BROOKS stated that he witnessed an unknown male deliver narcotics to the 79th Street residence, which is where they went in Chicago. BROOKS stated they later began traveling back to Tennessee and HILL began smoking marijuana during the return trip to Tennessee while BROOKS was driving.

9. The device known to be the cellular telephone of Samuel HILL, which is described as a white LG cellular telephone with a gray protective case, was found in the automobile described as an orange 2002 Chevrolet Impala that is registered to HILL. Specifically, the phone was found in the passenger's seat where HILL was seated at the time of the traffic stop that occurred on July 2, 2017. The cellular telephone seized from the vehicle is stored by the Tennessee Highway Patrol, located at 7601 Kingston Pike, in Knoxville, Tennessee.

10. Based upon the foregoing, probable cause exists to believe that evidence regarding drug trafficking, in violation of Title 21, United States Code, Sections 846 and

841(a)(1) is currently contained inside the cell phone found within the orange 2002 Chevrolet Impala and seized on July 2, 2017.

FURTHER AFFIANT SAITH NOT.

Executed this 28 day of August, 2017
at Knoxville, Tennessee.

*(signature)*
Trooper Jeremy Newcome
Tennessee Highway Patrol
Task Force Officer/Drug Enforcement Administration


Subscribed and sworn to before me
on this 28th day of August, 2017.

*(signature)*
C. CLIFFORD SHIRLEY, JR.
UNITED STATES MAGISTRATE JUDGE